IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAULETTE PEARSON, ) | CIVIL NO. 06-00674 DAE-KSC |
| ) | |
| Plaintiff, ) | FINDINGS AND |
| ) | RECOMMENDATION THAT CASE |
| vs. ) | BE DISMISSED |
| ) | |
| GLADYS DE BARCZA, PhD., LOU ) | |
| CARLASCIO ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION THAT CASE BE DISMISSED

On December 22, 2006, *pro se* Plaintiff Paulette Pearson's ("Plaintiff") filed a Complaint in this Court.  On March 19, 2007, Plaintiff failed to appear at a Rule 16 Scheduling Conference.  As a result, on March 15, 2007, the Court issued an Order to Show Cause directing Plaintiff to appear before this Court on May 1, 2007, and show cause why the case should not be dismissed for lack of prosecution.

A copy of the Order was sent to Plaintiff's last known address.

On May 1, 2007, Plaintiff appeared at the Order to Show Cause hearing. At the hearing, the Court informed Plaintiff that the Order to Show Cause had been issued due to her failure to appear at the Rule 16 Scheduling Conference on March 19, 2007, her failure to serve the Complaint and her failure to file a Rule 16 Scheduling Conference statement. The Court gave Plaintiff forty-five days to serve the Complaint upon the Defendants. The Court set a Rule 16 Scheduling Conference for July 20, 2007.

A Rule 16 Scheduling Conference was held on July 20, 2007. Plaintiff failed to make an appearance and has still not served the Complaint upon Defendants or filed a Rule 16 Scheduling Conference Statement. Based on the foregoing, the Court finds that Plaintiff has failed to make a reasonable effort to prosecute the claims presented in her Complaint.

A district court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Bautista v. Los Angeles County, 216 F. 3d 837, 841 (9th Cir. 2000).

Balancing the five factors in this case, noting that little or no discovery had been undertaken and that no pretrial motions had been filed and mindful of the public policy which favors disposition of cases on their merits, the Court finds that dismissal of Plaintiff's Complaint without prejudice is an appropriate sanction in this case.

Consequently, the Court FINDS and RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, July 20, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge